UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID LOUIS WHITEHEAD,

                Plaintiff,

      -against-

NETFLIX INC., et al.,

                Defendants.

22-CV-0883 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is a resident of Louisiana, filed this action *pro se*. He submitted the complaint without the $402.00 in fees required to file a civil action in this court or a request to proceed *in forma pauperis* (IFP). Instead, he submitted a motion requesting a 60-day extension of time to pay the fees, or in the alternative, to allow him to submit an IFP application. (ECF 2.) On February 3, 2022, the Court denied Plaintiff's motion for a 60-day extension of time to pay the fees and directed him, within 30 days, to pay the fees or, if he is unable to pay the fees, submit an IFP application. (ECF 3.) That order specified that failure to comply would result in dismissal of the complaint.

      In response to the order, on February 28, 2022, Plaintiff filed a motion for recusal (ECF 5) and a renewed motion for an extension of time to pay the fees (ECF 4). After reviewing the arguments in Plaintiff's submissions, the Court denies the motion for recusal but grants the motion for an extension of time. The Court directs Plaintiff to pay the fees or submit an IFP application within 30 days.

## DISCUSSION

A.  **Motion For Recusal**

A judge is required to recuse herself from "any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). When a judge's impartiality is questioned on bias or prejudice grounds, "what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). That is, recusal is warranted if "an objective, disinterested observer fully informed of the underlying facts . . . [would] entertain significant doubt that justice would be done absent recusal." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotation marks and citation omitted).

The showing of personal bias to warrant recusal must ordinarily be based on "extrajudicial conduct . . . not conduct which arises in a judicial context." *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) (internal quotation marks and citation omitted). And "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555 (citation omitted); *see Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002) (affirming denial of recusal motion filed in case by plaintiff where judge had ruled against him on all his motions and where plaintiff had "speculated that the judge may have been acquainted with [him]"). Moreover, because recusal "necessarily results in a waste of the judicial resources which have already been invested in the proceeding," *In re Int'l Business Machines Corp.*, 618 F.2d 923, 933 (2d Cir. 1980), a judge is "as much obliged not to recuse [her]self when it is not called for as [s]he is obligated to when it is." *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988).

Plaintiff seeks the Court's recusal from this action, contending the following:

> DUE TO APPEARANCE OF JUDICIAL BIAS FOR NETFLIX AND
> HOLLYWOOD STUDIOS ASSOCIATED WITH PRESIDENT BARRACK
> OBAMA AND MICHELLE OBAMA'S ENTERTAINMENT COMPANY

>HIGHER GROUNDS HAVING SUBSTANTIAL FINANCIAL CONTRACTS WITH NETFLIX DEFENDANTS, FURTHER NOTING THAT THE COURT WAS APPOINTED TO THE FEDERAL BENCH BY MR. OBAMA. 28 U.S.C. SECTION 455A, B1.

(ECF 5, at 1) (capitalization and punctuation in original). Plaintiff further asserts that the Court has demonstrated judicial bias against him by transferring his related case, *Whitehead v. Buttigieg,* ECF 1:21-CV-8669, 15 (S.D.N.Y. Jan. 31, 2022) (*Whitehead I*), to the United States District Court for the Western District of Louisiana, where he is barred from filing cases.

An objective, well-informed observer could not reasonably question the Court's impartiality in this matter based on Plaintiff's contentions. First, Plaintiff's assertion that the Court was appointed by former President Obama is incorrect. Even if that assertion were true, however, the appointment of the Court by a particular President would not be relevant to an impartiality determination in this case. Second, the fact that the Court transferred *Whitehead I* to the Western District of Louisiana has no bearing as such a judicial ruling does not constitute a valid basis for a bias or partiality motion. *See Liteky*, 510 U.S. at 544. As Plaintiff alleges no facts to suggest a "deep-seated favoritism or antagonism that would make fair judgment impossible," *id at* 555, a reasonable and objective observer would perceive only Plaintiff's dissatisfaction with the transfer of *Whitehead I*, and an attempt to preemptively dissuade the Court from taking action in this matter, *see United States v. Arena*, 180 F.3d 380, 398 (2d Cir. 1999). Because Plaintiff does not allege a sufficient basis for recusal in this case, the Court denies the motion for recusal.

**B.    Fees**

A party commencing any civil action, suit, or proceeding in a district court of the United States, except an application for writ of *habeas corpus*, must pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee. *See* 28 U.S.C. § 1914(a). An action may proceed

without prepayment of the fee only if the litigant is granted leave to proceed IFP under 28 U.S.C. § 1915(a). The federal IFP statute, 28 U.S.C. § 1915, is intended to guarantee that no citizen shall be denied access to the courts "solely because his poverty makes it impossible for him [or her] to pay or secure the costs." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948). The statute ensures "that indigent persons have equal access to the judicial system" as those who can afford payment of court fees. *Hobbs v. Cnty. of Westchester*, No. 00-CV-8170 (JSM), 2002 WL 868269, at *1 (S.D.N.Y. May 3, 2002).

Plaintiff renews his request for an extension of time to pay the filing fees. He asserts the following: (1) that he is unemployed, (2) the Internal Revenue Service has "held up" his tax return, (3) he will obtain employment in the near future and need additional time to pay the fees, (4) requesting IFP "would allow the district court to rule on the merits of the case," (5) he needs an additional 30 days to pay the fees, and (6) the defendants would not be prejudiced by the Court granting his request. (ECF 4, at 1-2.)

Plaintiff's assertions do not provide a sufficient basis to further delay this case until he is able to pay the filing fees. As noted above, when a litigant is unable to pay the fees, he may request leave to proceed without prepayment of the fees. Here, Plaintiff pleads poverty but voices his disclination to submit an IFP application because he fears the dismissal of this case on the merits. Plaintiff fails to allege a sufficient basis to stay this case.

Although the Court finds Plaintiff's reasons for an extension inadequate, because he is proceeding without the benefit of an attorney, the Court will grant him a 30-day extension to either pay the fees or submit an IFP application. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed. No further extensions will be granted.

## CONCLUSION

The Court denies Plaintiff's motion for recusal (ECF No. 5), but grants his second motion for an extension of time to pay the fees (ECF 4). Plaintiff must pay the fees or submit an IFP application within 30 days. No further extensions will be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   March 8, 2022
         New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge