UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID LOUIS WHITEHEAD,

               Plaintiff,

         -against-

NETFLIX INC., et al.,

               Defendants.

22-CV-0883 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff brings this *pro se* action, for which the filing fees have been paid, as a purported "independent action in equity" under Rule 60 of the Federal Rules of Civil Procedure. He seeks relief based on "fraud upon the court" in two cases that were dismissed in the United States District Court for the Western District of Louisiana. (ECF 1, at 1.) For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

    The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they

*suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

A.   **Plaintiff has been declared a vexatious litigant**

Plaintiff David Louis Whitehead, who is a resident of Bossier City, Louisiana, has filed a litany of lawsuits in federal courts across the country over the last two decades. In many of the complaints he alleged that movie studios, media companies, publishers, and other entertainment-oriented defendants stole his ideas for use in films or publications, or that public officials were engaged in wide ranging conspiracies directed at him. Plaintiff's lawsuits have repeatedly been dismissed as frivolous or meritless, and multiple courts have declared him a vexatious litigant and warned or imposed leave-to-file restrictions or other sanctions on him. *See, e.g., Whitehead v. White & Case, L.L.P.*, 519 F. App'x 330, 332 (5th Cir. 2013) (finding that plaintiff Whitehead has inundated courts with "incomprehensible or fanciful" filings and warning that plaintiff may be sanctioned for "repetitive or frivolous pleading"); *Whitehead v. Sony Pictures*, No. 16-CV-0580, 2016 WL 3064074, at *2 (D. Minn. May 31, 2016) (warning plaintiff Whitehead that the court may impose monetary sanctions or filing restrictions if he continues to "prosecute further frivolous or malicious litigation in this District"); *Whitehead v. Millennium Films*, No. 15-CV-3564, ECF 229 (C.D. Ca. May 17, 2016) (finding plaintiff Whitehead's litigation conduct "frivolous and harassing in nature," declaring plaintiff a "vexatious litigant," and imposing prefiling restrictions); *Whitehead v. Friedman*, No. 02-CV-1630, ECF 48 (D.D.C. Sept. 8, 2013) (holding that plaintiff Whitehead's "history of vexatious litigation is well documented" and barring him from commencing any action without first obtaining leave of the court); *Whitehead v. White & Case, LLP*, No. 12-CV-0399, 2012 WL 1795151, at *4 (W.D. La. Apr. 19, 2012), *report and recommendation adopted*, No. 12-CV-0399, 2012 WL 1795148 (W.D. La. May 16,

2012) (ordering pre-filing restrictions against plaintiff Whitehead); *Whitehead v. Paramount Pictures Corp.*, No. 08-CV-0792, 2009 WL 1491402, at *3 (E.D. Va. May 26, 2009), *aff'd in part sub nom. Whitehead v. Paramount Pictures, Inc.*, 366 F. App'x 457 (4th Cir. 2010) (enjoining plaintiff Whitehead from filing any new civil actions or requests for relief without seeking and obtaining court approval); *Whitehead v. Wickham*, No. 05-CA-3346, 2005 WL 2874975, at *3 (D.C. Super. Ct. Sept. 6, 2005), *aff'd sub nom. Whitehead v. Viacom, Inc.*, 63 F. App'x 175 (4th Cir. 2003) (requiring plaintiff Whitehead to seek leave prior to filing any new lawsuits or motions); *Whitehead v. Viacom*, 233 F. Supp. 2d 715, 726 (D. Md. 2002) (requiring plaintiff Whitehead to seek leave of court before filing any new motions or cases); *Whitehead v. Paramount Pictures Corp.*, 145 F. Supp. 2d 3, 5 (D.D.C. 2001) (stating that plaintiff Whitehead "has no regard for [the] judicial system or the drain on its resources caused by his actions").

**B.     Plaintiff's complaint**

Plaintiff brings this complaint as an independent action seeking relief from the dismissal of two unrelated lawsuits in the Western District of Louisiana, *Whitehead v. Parish of Caddo*, No. 17-CV-0306 (W.D. La. Mar. 29, 2017), and *Whitehead v. Netflix*, No. 17-Cv-0225 (W.D. La. Mar. 28, 2017). Named as Defendants are Netflix Inc.; Travelers Indemnity Company Inc., Travelers Companies, and their employee Gabrielle Bailey ("Travelers Defendants"); and Geico. Plaintiff asserts seventeen claims: (1) personal injury; (2) fraudulent concealment of "camera taped" evidence; (3) violations of privacy; (4) negligence; (5) civil rights violations under the Fifth and Fourteenth Amendments; (6) retaliation; (7) obstruction of justice; (8) race discrimination; (9) breach of implied contract; (10) anti-trust violations; (11) unjust enrichment; (12) unfair dealings "pertaining to intellectual properties"; (13) conspiracy; (14) breach of contract; (15) fraud; (16) tortious interference with contract; and (17) violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ("RICO"). (ECF 1, at 2.)

1.     **Claims against the Travelers Defendants and Geico**

In February 2017, Plaintiff, who was previously sanctioned in *Whitehead v. White & Case, LLP*, No. 12-CV-0399, by the Western District of Louisiana, sought leave of that court to file *Whitehead v. Parish of Caddo*, No. 17-CV-0306. He alleged in the pleading that on or about February 22, 2016, as he was leaving a computer terminal in the Shreveport Library in Shreveport, Louisiana, he walked into a large object and was injured. Plaintiff believed that there was "photographic evidence" of the accident, which the defendants would not release to him. *Whitehead v. Parish of Caddo*, No. 17-CV-0306, ECF 1, at 2. He sought to compel the defendant to provide him with "a copy of the tape footage of the accident." *Id*. at 1. On March 29, 2017, Chief Judge Dee Drell of the Western District of Louisiana denied Plaintiff leave to file the complaint because the court could not compel state officials to perform a duty, and thus, lacked jurisdiction to hear the action. *Id*., ECF 5. Following the dismissal, Plaintiff submitted several motions for reconsideration and recusal of the judge, all of which were denied.

Four years later, Plaintiff brings this new action ostensibly challenging Chief Judge Drell's decision. Instead of suing the Parish of Caddo, he seeks to expand his claims in this action and hold Travelers Insurance, the insurer of the Shreveport Library, and its employees responsible for damages from the accident.[1] Plaintiff reiterates his allegations concerning the

---

[1] In August 2020, Plaintiff filed a complaint against Travelers Insurance Company, Inc., Gabrielle Bailey, and John Doe defendants in the United States District Court for the District of Connecticut. In that action, Plaintiff asserted claims stemming from the same 2016 incident at the Shreveport Library and sought damages from the insurer. *See Whitehead v. Traveler's Ins. Co.*, No. 20-CV-1140, 2021 WL 3130089, at *1-2 (D. Conn. July 23, 2021). He also sought to bring a slew of claims against the John Doe defendants, including race discrimination, antitrust violations, and copyright infringement claims. On July 23, 2021, Judge Victor Bolden of the District of Connecticut dismissed Plaintiff's claims against the insurer as time barred. *See id* at *8. Judge Bolden also dismissed Plaintiff's claims against the John Does, finding that they were unrelated to the library incident and that Plaintiff had previously brought these "same baseless allegations" in other courts "leading to him being both barred and sanctioned." *Id*. The United

2016 library incident, and asserts that the Travelers Defendants failed to provide him photographic evidence of the accident, rejected his claim for compensation, and interfered with his contract with Geico, his insurance company, by notifying Geico that he had not been injured in another accident that occurred in Texas. Geico then responded by breaching its contract with Plaintiff. He also asserts his belief that Chief Judge Drell's ruling amounted to "fraud on the court," and that the Travelers Defendants' conduct were related to his prior lawsuits in the Western District of Louisiana against Hollywood studios. (ECF 1 ¶19.) Plaintiff also claimed that Chief Judge Drell violated his rights by ruling against him.

### 2. Claims against Netflix

In January 2017, Plaintiff sought leave in the Western District of Louisiana to file a purported "anti-trust and fraud case" against Netflix and five John Doe defendants. *Whitehead v. Netflix*, No. 17-Cv-0225, ECF 1, at 1. Plaintiff requested that the court "allow a practicing attorney to file his case with leave of court," attaching a letter from Alan Pesnell, an attorney who had apparently represented him in several movie proposals to Netflix. *Id*. On March 28, 2017, Chief Judge Drell denied Plaintiff leave to file and dismissed the case as frivolous and duplicative, finding that Plaintiff's complaint resembled other suits he had previously filed against movie production companies and various other entertainment-oriented defendants.[2] *Whitehead v. Netflix*, No. 17-Cv-0225, 2017 WL 4508869, at *1 (W.D. La. Mar. 28, 2017).

---

States Court of Appeals for the Second Circuit subsequently dismissed the appeal of the case. *Whitehead v. Traveler's Ins. Co.*, No. 21-2034 (2d Cir. Feb. 23, 2022).

[2] In 2018, Plaintiff filed a similar case against Netflix and multiple entertainment-oriented companies in the United States District Court for the Eastern District of Texas. *See Whitehead v. Netflix*, No. 18-CV-0460 (E.D. Tex. June 24, 2019). The Eastern District of Texas transferred the action to the United States District Court for the Central District of California, and that court summarily dismissed Plaintiff's claims as frivolous and subject to a vexatious prefiling order that had been issued in a prior case. *Whitehead v. Netflix*, No. 19-CV-5500, ECF 144 (C.D. Ca. July 19, 2019). On appeal, the United States Court of Appeals for the Ninth

After the dismissal of the case, Plaintiff filed an appeal to the United States Court of Appeals for the Fifth Circuit, which he later withdrew. *Id.*, ECF 28. He then proceeded to inundate the district court with purported emergency and miscellaneous motions for reconsideration, to stay the case, and recuse the judge. Chief Judge Drell denied the motions and directed that that no further filings should be accepted from Plaintiff until he paid the monetary sanction of $100 that had been imposed in another case. *See Whitehead v. Netflix*, No. 17-CV-0225, 2017 WL 4508960, at *1 (W.D. La. June 29, 2017).

In this action, Plaintiff asserts that on November 18, 2016, Pesnell sent to Netflix 30 film proposals with Plaintiff's ideas for production, which Netflix rejected. He claims that Netflix's rejection of the proposals constituted a "breach of implied contractual agreement due to the oral communication between Netflix and [him]." (ECF ¶ 25.) Plaintiff claims that Netflix committed multiple violations of his rights, including discriminating against him because of his race, and asserts that Chief Judge Drell committed fraud on the court and violated his rights by ruling against him.

## DISCUSSION

**A.     The Court does not have the authority to review another court's decisions**

Plaintiff brings this purported independent action asserting fraud on the court and requesting that this Court review judgments rendered by the Western District of Louisiana. Rule 60(b) allows for a federal district court to set aside on various grounds a judgment that was rendered in that court. A party can also bring an "independent action" to seek such relief. *See* Fed. R. Civ. P. 60(d)(1). Nothing in the rule, however, vests one court with authority to review

---

Circuit rejected Plaintiff's contentions that the district and magistrate judges should have recused themselves and determined that the district court did not abuse its discretion in dismissing the action. *See Whitehead v. Netflix*, 830 F. App'x 967, 968 (9th Cir. 2020).

6

another court's decisions. *See Covington Indus., Inc. v. Resintex A.G.*, 629 F.2d 730, 733 (2d Cir.1980) ("Although Rule 60(b) does not specify the correct forum for presenting a motion for relief from judgment, the motion is generally brought in the district court rendering judgment."); *Caron v. TD Ameritrade*, No. 19-CV-9015 (AJN), 2020 WL 7027593, at *3 (S.D.N.Y. Nov. 30, 2020) ("Rule 60(b) allows for a federal district court to set aside a judgment that was rendered in that court."); *see also Jones v. U.S.*, No. 20-CV-2331, 2021 WL 1581773, at *14 (W.D. Tenn. Jan. 26, 2021) (court lacked jurisdiction to review plaintiffs' lawsuit, which "is nothing more than a horizontal appeal taken to a district court of another district court's decision.") (citation and internal quotation marks omitted); *Elliott v. Chairman of the U.S. Merit Sys. Protection Bd.*, No. 2:17-CV-47, 2017 WL 6102809, at *2 (E.D. Tenn. Dec. 6, 2017) (noting that "the Court's ability to exercise subject matter jurisdiction over this case — which, according to [plaintiff's] allegations, derives from proceedings before the Eastern District of Virginia and the Fourth Circuit — is dubious"); *Cf. United States v. Foy*, 803 F.3d 128, 135 (3d Cir. 2015) ("There may be circumstances in which a district court has jurisdiction over a Rule 60 motion or an independent action seeking relief from a judgment entered by another court, such as where a party to initial proceedings registers a judgment obtained in another court pursuant to 28 U.S.C. § 1963."). Accordingly, this Court cannot review the decisions rendered by the Western District of Louisiana and dismisses all of Plaintiff's claims for lack of subject matter jurisdiction.

**B.      Plaintiff's claims are barred by claim preclusion and are frivolous and vexatious**

Even if the Court were to consider Plaintiff's complaint as a new civil action rather than a challenge to the Western District of Louisiana's decisions, his claims are barred by the doctrine of claim preclusion and are patently frivolous and vexatious.

Claim preclusion, also known as *res judicata*, "prevents parties from raising issues that could have been raised and decided in a prior action – even if they were not actually litigated."

*Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S. Ct. 1589, 1594 (2020). If a litigant files a new suit and "advances the same claim as an earlier suit between the same parties, the earlier suit's judgment 'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Id.* (quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979)). Claims are treated as the same if they "arise from the same transaction, or involve a common nucleus of operative facts." *Cayuga Nation v. Tanner*, 6 F.4th 361, 375 (2d Cir. 2021) (quoting *Lucky Brand Dungarees*, 140 S. Ct. at 1595 (citations and internal quotation marks omitted)).

All of the requirements for claim preclusion have been met. First, Plaintiff filed earlier actions that were adjudicated on the merits; second, those actions involved the same parties; third, the prior courts were of competent jurisdiction; and fourth, the claims asserted in this action were, or could have been, raised in the prior actions. *See In re Motors Liquidation Co.*, 943 F.3d 125, 130 (2d Cir. 2019) (listing requirements for claim preclusion).

Further, this complaint is a continuation of Plaintiff's lengthy history of bringing frivolous, duplicative, or otherwise nonmeritorious litigation in federal courts around the country. A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted). Plaintiff has failed to allege any viable basis for his claims and why he is entitled to relief. The Court finds that this action is another attempt by Plaintiff to pursue the same baseless claims and assertions of judicial biases that have led to him being

barred and sanctioned by other courts as a vexatious litigant. This action is dismissed as frivolous.

**C.     Warning to Plaintiff**

Plaintiff is or should have been aware that his claims in this action were frivolous and vexatious. *See Sledge v. Kooi* , 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). To prevent him from further abusing the privilege of filing civil suits in this court, Plaintiff is warned that should he file another complaint that is determined to be duplicative, frivolous, vexatious, or otherwise lacking in merit, the Court will order him to show cause why he should not be barred under Section 1651 from filing new actions without prior permission from the court.

**D.     Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint is dismissed for lack of subject matter jurisdiction, and alternatively, for failure to state a claim and as frivolous. All other pending matters in this case are terminated.

Plaintiff is also warned that, should he persist in filing complaints that are determined to be duplicative, frivolous, vexatious, or otherwise lacking in merit, the Court will order him to show cause why he should not be barred under 28 U.S.C. § 1651 from filing new actions without prior permission from the court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 27, 2022
        New York, New York

                                  /s/ Laura Taylor Swain
                                  LAURA TAYLOR SWAIN
                                  Chief United States District Judge