UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID LOUIS WHITEHEAD,

                Plaintiff,

-against-

NETFLIX INC., et al.,

                Defendants.

22-CV-0883 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, filed this action as a purported "independent action in equity" under Rule 60 of the Federal Rules of Civil Procedure. He sought relief based on "fraud upon the court" in two cases that were dismissed in the United States District Court for the Western District of Louisiana. (ECF 1, at 1.) On July 27, 2022, the Court dismissed this action for lack of subject matter jurisdiction, and alternatively, for failure to state a claim and as frivolous. (ECF 14.) On August 9, 2022, Plaintiff filed a motion for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure and a memorandum in support of that motion. (ECF 16-17.)

    The Court liberally construes Plaintiff's submissions as a motion under Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend judgment and a motion under Local Civil Rule 6.3 for reconsideration, as well as a motion under Rule 60(b) of the Federal Rules of Civil Procedure for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (stating the solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se*

litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## BACKGROUND

Plaintiff initially filed this action without the $402.00 in fees required to file a civil action in this court or a request to proceed *in forma pauperis* (IFP). Instead, he submitted a motion requesting a 60-day extension of time to pay the fees, or in the alternative, to allow him to submit an IFP application. (ECF 2.) On February 3, 2022, the Court denied Plaintiff's motion for a 60-day extension of time to pay the fees and directed him, within 30 days, to pay the fees or, if he is unable to pay the fees, submit an IFP application. (ECF 3.)

In response to the order, on February 28, 2022, Plaintiff filed a motion for recusal (ECF 5), a renewed motion for an extension of time to pay the fees (ECF 4), and a notice of interlocutory appeal (ECF 6).[1] On March 8, 2022, the Court denied Plaintiff's motion for recusal, finding his claims of judicial bias without merit as the Court has no bias or prejudice against Plaintiff.[2] (ECF 7.) The Court, however, granted Plaintiff a 30-day extension to either pay the fees or submit an IFP application. On March 28, 2022, Plaintiff filed a motion for reconsideration (ECF 11), which the Court denied for the same reasons stated in the March 8, 2022, order (ECF 12). On April 19, 2022, Plaintiff paid the filing fees for this action.

On July 27, 2022, the Court dismissed Plaintiff's complaint for the following reasons: (1) the Court lacked the authority to review the decisions rendered by the Western District of

---

[1] On March 3, 2022, Plaintiff's notice of appeal was transmitted to the United States Court of Appeals for the Second Circuit.

[2] On the same day he filed the motion for recusal, Plaintiff submitted an amended motion for recusal (ECF 8), which was entered on the docket on March 11, 2022, after the Court denied the original motion. On March 18, 2022, the Court denied the amended motion for the same reasons as the original motion for recusal. (ECF 10.)

Louisiana and, therefore, all of Plaintiff's claims were dismissed for lack of subject matter jurisdiction; and (2) even if the Court were to consider Plaintiff's complaint as a new civil action rather than a challenge to the Western District of Louisiana's decisions, his claims were barred by the doctrine of claim preclusion and were patently frivolous and vexatious. Finally, because of Plaintiff's history of vexatious litigation, the Court warned Plaintiff that should he file another complaint that is determined to be duplicative, frivolous, vexatious, or otherwise lacking in merit, the Court will order him to show cause why he should not be barred under 28 U.S.C. § 1651 from filing new actions without prior permission from the court.

Plaintiff brings his motion for reconsideration asserting "fraud on the court claims" and seeking relief on several grounds. (ECF 16, at 1.) He contends the following: (1) that the Court denied him due process by dismissing his fee-paid complaint without providing him the opportunity to serve the defendants or amend the complaint; (2) the court lacked jurisdiction to dismiss the case because of his pending interlocutory appeal in the Second Circuit concerning the filing fees; (3) the Court demonstrated judicial bias by noting his litigation history but failing to provide him an opportunity to provide a description of the cases and "substantial and credible information and evidence pertaining to those cases, which involves serious fraud on the court by officers of the court, across the country" (*id*. at 3); and (4) the Court has the authority, under Rule 60 of the Federal Rules of Civil Procedure, to provide him relief from the decisions rendered in the Western District of Louisiana. Plaintiff requests that the Court allows him to proceed with this action or, in the alternative, transfer the case to the United States District Court for the Eastern District of Pennsylvania.

DISCUSSION

A.  Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e)

A party who moves to alter or amend a judgment under Fed. R. Civ. P. 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

1.  The Court retained jurisdiction of this action after the filing of the interlocutory appeal

The Court addresses first whether it had jurisdiction to consider and dismiss Plaintiff's complaint, in light of the pending interlocutory appeal of a nonfinal order. Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). "The divestiture of jurisdiction rule is, however, not a per se rule. It is a judicially crafted rule rooted in the interest of judicial economy, designed 'to avoid confusion or waste of time resulting from having the same issues before two courts at the same time.'" *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (quoting *United States v. Salerno*, 868 F.2d 524, 540 (2d Cir. 1989)). For

example, the rule "does not apply where an appeal is frivolous[,][n]or does it apply to untimely or otherwise defective appeals." *China Nat. Chartering Corp. v. Pactrans Air & Sea, Inc.*, 882 F. Supp.2d 579, 595 (S.D.N.Y. 2012) (citation omitted).

Plaintiff filed a notice of appeal in response to an order directing him to pay the filing fees or submit an IFP application. Because Plaintiff is attempting to appeal from a nonfinal order that has not been certified for interlocutory appeal, the notice of appeal is plainly defective. Accordingly, this Court retained jurisdiction over this action. *See, e.g., Rodgers*, 101 F.3d at 252 (deeming a notice of appeal from a nonfinal order to be "premature" and a "nullity," and holding that the notice of appeal did not divest the district court of jurisdiction); *Gortat v. Capala Bros., Inc.*, 07-CV-3629 (ILG), 2008 WL 5273960, at *1 (E.D.N.Y. Dec. 18, 2008) ("An exception . . . [to the general rule that an appeal deprives a district court of jurisdiction] applies where it is clear that the appeal is defective, for example, because the order appealed from is not final and has not been certified for an interlocutory appeal."). The Court therefore had jurisdiction to consider and dismiss Plaintiff's complaint.

### 2.   Plaintiff's remaining assertions are without merit

Plaintiff contends that the Court denied him due process by dismissing his fee-paid complaint without providing him the opportunity to serve the defendants or amend the complaint. It is clear, however, that the Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

The Court determined that it lacked jurisdiction of Plaintiff's complaint, in which he challenged decisions rendered in the Western District of Louisiana, and, alternatively, that the claims were barred by the doctrine of claim preclusion and were patently frivolous and vexatious. As the Court held that it lacked jurisdiction of this action and that the complaint was frivolous, it had no obligation to issue summonses for service on the defendants or to give Plaintiff an opportunity to amend his complaint.

Nor did the Court demonstrate judicial bias by noting Plaintiff's litigation history but failing to give him an opportunity to provide "substantial and credible information and evidence pertaining to those cases, which involves serious fraud on the court by officers of the court, across the country." (ECF 16,at 3.) As stated in the July 27, 2022, order, Plaintiff has an extensive history of filing litigation in federal courts that have been deemed frivolous and vexatious. Given that history, Plaintiff is or should have been aware that his claims in this action were frivolous and vexatious. *See Sledge v. Kooi* , 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

Finally, the Court does not find Plaintiff's argument persuasive that it has the authority under Rule 60 of the Federal Rules of Civil Procedure, to provide him relief from the decisions rendered in the Western District of Louisiana. As the Court discussed in the July 27, 2022, order, nothing under Rule 60 vests one district court with authority to review another district court's decisions. *See Covington Indus., Inc. v. Resintex A.G.*, 629 F.2d 730, 733 (2d Cir.1980) ("Although Rule 60(b) does not specify the correct forum for presenting a motion for relief from judgment, the motion is generally brought in the district court rendering judgment."); *Caron v. TD Ameritrade*, No. 19-CV-9015 (AJN), 2020 WL 7027593, at *3 (S.D.N.Y. Nov. 30, 2020)

("Rule 60(b) allows for a federal district court to set aside a judgment that was rendered in that court."); *see also Jones v. U.S.*, No. 20-CV-2331, 2021 WL 1581773, at *14 (W.D. Tenn. Jan. 26, 2021) (court lacked jurisdiction to review plaintiffs' lawsuit, which "is nothing more than a horizontal appeal taken to a district court of another district court's decision") (citation and internal quotation marks omitted). The Court denies Plaintiff's requests that he be allowed to proceed with this action, or that, in the alternative, that it be transferred to the Eastern District of Pennsylvania.

Plaintiff has failed to demonstrate in his submission that the Court overlooked any controlling decisions or factual matters with respect to dismissal of this action. The Court therefore denies Plaintiff's motion under Rule 59(e).

**B.     Motion for Reconsideration under Local Civil Rule 6.3**

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)). Thus, a party seeking reconsideration of any order under Local Civil Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509.

The Court therefore denies Plaintiff's motion under Local Civil Rule 6.3, for the same reasons as his motion under Rule 59(e), because he has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action.

**C.     Motion for Reconsideration under Fed. R. Civ. P. 60(b)**

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time

to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court also finds that, even under a liberal interpretation of the motion, Plaintiff has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Rule 60(b) applies or that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). Because Plaintiff does not present any legal or factual matters that would call into question the Court's dismissal of the complaint, the motion for reconsideration is denied.

## CONCLUSION

Plaintiff's motion for reconsideration (ECF 16) is denied. All other pending matters in this case are terminated.

This action is closed. The Clerk of Court is directed not to accept any further submissions under this closed case number except for papers directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   October 17, 2022
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                    Chief United States District Judge